PAYNE v. RALLI et al.

(District Court, S. D. New York. January 27, 1896.)

SHIPPING—DELIVERY OF CARGO—RE-CONDITIONING DAMAGED BAGS—LIEN.
   Where linseed in bags had been partly spilled during the voyage through insufficiency or defects of the bags upon shipment, and the bill of lading provided, "ship not responsible for the condition of the bags," and no fault of the ship appearing: *Held*, that the agreement of the ship "to deliver" so many "bags of linseed," did not require her to provide new bags for the spilled linseed, or to re-condition the old and defective bags at her own expense; and that her legal obligations were discharged by a delivery of the bags that were fit for delivery, and the tender of the residue of the spilled linseed in bulk; that there is no custom of this port requiring the ship to re-condition such bags, nor could such a custom prevail against the bill of lading; and the ship having re-conditioned the bags at the consignee's request on account of whichever party might be liable: *Held*, that the ship had a lien on the cargo for this expense.

In Admiralty—Re-conditioning bags of linseed.

Convers & Kirlin, for libellant.
Robinson, Biddle & Ward, for respondents.

BROWN, District Judge. Upon the evidence in the above case, I find as follows:

1. That under the written memorandum upon the face of the bills of lading—"ship not responsible for the condition of the bags"—the ship was not bound to re-condition old bags, or supply new ones at her own expense, for such as were torn or had become worthless and spilled their contents, without any fault of the ship; but that the expense of such re-conditioning, made necessary by original defects of the bags, and without any fault of the ship, must be borne by the consignee.

2. That the purchaser under the bill of lading had sufficient notice of this risk to charge him with the same responsibility as the original consignee.

3. The evidence does not show any spilling of the linseed, or tearing of the bags, by any negligence of the ship, but shows that these things arose through the insufficiency and defects of the bags upon shipment.

4. That the ship's legal obligation, aside from custom, was on arrival discharged by delivery of the bags that were fit for delivery, and the tender of the residue of the linseed in bulk.

5. That there is no custom applicable to linseed, which binds the ship to re-condition bags on account of defects in the original shipment; and no such custom could prevail against the express provision of the bills of lading.

6. That under the offers, refusals, and correspondence of the parties, the libellant is entitled to recover the cost of re-conditioning the linseed, inasmuch as they had a lien upon the cargo therefor under the general lien clause of the charter, to which the bills of lading refer, as they would also have had a similar lien under the general maritime law for needed extra labor upon the cargo without the ship's fault, or on being compelled to re-condition the linseed for stowage or for sale, in case the consignee or the respondents had refused on arrival to accept the cargo in any manner. Carv. Carr. by Sea, §§ 293–295; Notara v. Henderson, L. R. 7 Q. B. 225; Burrill v. Crossman, 65 Fed. 104, affirmed 16 C. C. A. 381, 69 Fed. 747.

A decree may be entered accordingly, with costs.